ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CYNTHIA JOHNSON (CABN 328932)
Special Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3693
   FAX: (510) 637-3724
   Cynthia.Johnson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | Case No.: 4:23-CR-00446 YGR |
|---|---|
| Plaintiff, | Case No.: 4:12-CR-00161 YGR |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| QUENTEL REED, | Hon. Yvonne Gonzalez Rogers |
| Defendant. | Date: April 18, 2024<br>Time: 10:45 AM |

**I.   INTRODUCTION**

On February 1, 2024, pursuant to a written plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant, Quentel Reed, pleaded guilty to Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). *See* Dkt. 32 (Case No.: 4:23-CR-00446 YGR); and pleaded guilty to Charges One, Two, and Three, set forth in the Amended Petition for Warrant for Person Under Supervision (Form 12). *See* Dkt. 93 (Case No.: 4:12-CR-00161 YGR).

In 2013, in the underlying case related to the Form 12, the defendant was sentenced to 180 months in prison for felon in possession of a firearm in furtherance of drug trafficking. *See* Dkt. 93 (Case No.: 4:12-CR-00161 YGR). However, after serving approximately 8 years of a 15-year sentence, Reed was granted

compassionate release and began his three-year term of supervision on June 15, 2020. In addition to the 2013 federal conviction, Mr. Reed's criminal record also includes four state felony convictions that are more than fifteen years old. *See* Pre-Sentence Report ("PSR"), Dkt. 35, ¶¶ 35, 38-41 (4:23-CR-00446 YGR). Because Reed continued to violate his state probation and continues to violate his federal probation, he remains in the highest criminal history category ("CHC") of VI and faces a sentencing guidelines range of more than 7 years for the instant offense. The parties have reached an agreement and recommend a sentence of 6 years (72 months) for the instant offense and 60 months for violating supervised release to run concurrently. This sentence is sufficient, but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. § 3553(a). Additionally, the proposed sentence is supported by U.S. Probation.

## II. BACKGROUND

The PSR describes the procedural history, offense conduct, and defendant's criminal history. *See* PSR ¶¶ 1-17, 21-59.

## III. PLEA AGREEMENT AND SENTENCING GUIDELINES CALCULATION

The defendant entered a guilty plea by Rule 11(c)(1)(C) plea agreement to one count of felon in possession of a firearm and ammunition and three supervised release violations charged in the amended form 12 - charge one includes the instant offense. The plea agreement for the instant offense was based on the following Guidelines offense level:

| | | |
|---|---|---|
| a. | Base Offense Level:<br>(U.S.S.G. § 2K2.1(a)(1)) | 26 |
| b. | Acceptance of Responsibility | - 3 |
| c. | Adjusted Offense Level: | 23 |

The Government calculated a base offense level of 26. The instant offense involves a semiautomatic firearm capable of accepting a large capacity magazine, and Mr. Reed committed the instant offense subsequent to sustaining at least two felony convictions of a controlled substance offense. *See* USSG § 2K2.1(a)(1). Adjusting for a three-level reduction for acceptance of responsibility, the adjusted offense level is 23.

Mr. Reed has four felony convictions from 2003, 2004, 2005, and 2013 that make up Reed's criminal score of 13 (one point added for being on probation at the time of the instant offense). Because Reed was last paroled in 2010 for the 2003, 2004, and 2005 state convictions, these convictions continue to each receive

three criminal history points. A Criminal History Score of 13 places Reed in Criminal History Category VI and subject to 92-115 months in custody.

Regarding the violations of his supervised release term to which Reed has pled guilty, the maximum prison term is 5 years and the maximum supervised release to follow is 5 years less any term of imprisonment imposed upon revocation of supervised release. *See* 4:12-CR-00161 YGR, Dkt. 93.

## IV. SENTENCING RECOMMENDATION

### a. Legal Standard

Although the U.S. Sentencing Guidelines are not binding, they "are the starting point and initial benchmark but are not the only consideration…the judge should consider all of 18 U.S.C. §3553(a)'s factors…" *See Gall v. United States*, 552 U.S. 38, 49 (2007). The judge "may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented." *Id*. The Court should impose a sentence that is sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in § 3553(a). *Id.* at 991-93. The key factors for the Court to consider here are the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the need to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B), and the need to protect the public from further crimes of the defendant, *id.* § 3553(a)(2)(C).

### b. Recommended Sentence and Section 3553(a) Factors

Had the instant offense been treated solely as a supervised release violation (charge one in Form 12), Reed could have only received a maximum sentence of 5 years in custody with no supervision to follow for his dangerous and repetitious conduct. Under the Guidelines and taking into consideration the factors set forth in 18 U.S.C. § 3553(a), the Government recommends a sentence of 72 months' imprisonment followed by a 3-year supervised release term for the instant offense and 60 months for violating supervised release to run concurrently, which is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

Moreover, in the instant offense the defendant did not brandish or discharge a firearm and was cooperative with police. PSR ¶ 10. Importantly, the defendant has demonstrated notable acceptance of responsibility. He waived his right to a detention hearing and has been in federal custody since September 8, 2023. *See* Dkt. 3. He also admitted the conduct in the plea agreement and cooperated with U.S. Probation during the presentence interview. PSR ¶ 20. Furthermore, the PSR makes clear that the defendant has had many struggles in his life, including growing up in poverty, exposure to drugs – grandmother and father were drug dealers, his mother and father were drug users, and he was born with crack cocaine in his system. He was exposed to gun violence in his neighborhood, difficulty in school, medical health issues, mental health issues and substance abuse. *Id*. at ¶¶ 49-70. Balancing all of these considerations, the Government believes a sentence of 72 months' imprisonment for firearm/ammunition possession and 60 months for violating his supervised release to run concurrently, followed by a three-year term of supervised release is reasonable and appropriate in this case, as it reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public. 18 U.S.C. § 3553(a)(2).

## V. CONCLUSION

For the foregoing reasons, the Government respectfully recommends that the Court impose a sentence of 72 months' imprisonment for firearm/ammunition possession and 60 months for violating supervised release to run concurrently, followed by a 3-year supervised release term, subject to conditions in the plea agreement and proposed by U.S. Probation. The defendant shall also pay a mandatory special assessment of $100 and forfeit the property identified in the Information and PSR.

Dated: April 10, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_____/S/_____
CYNTHIA JOHNSON
Special Assistant United States Attorney